**FILED**

CLERK, U.S. DISTRICT COURT

**4/15/2020**

CENTRAL DISTRICT OF CALIFORNIA

BY: _____ eva _____ DEPUTY

1 | NICOLA T. HANNA
United States Attorney
2 | BENJAMIN R. BARRON
Assistant United States Attorney
3 | Chief, Santa Ana Branch Office
GREGORY W. STAPLES
4 | Assistant United States Attorney
California State Bar No. 155505
5 |     411 West Fourth Street, Suite 8000
    Santa Ana, California  92701
6 |     Telephone: (714) 338-3500
    Facsimile: (714) 338-3523
7 |     Email: Greg.Staples@usdoj.gov

8 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

9

10 | UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

          v.

KENT R.E. WHITNEY,

        Defendant.

8:20-cr-00052-JLS

PLEA AGREEMENT

1.   This constitutes the plea agreement between Kent R.E. Whitney ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count information in the form

attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with mail fraud in violation of 18 U.S.C. § 1341, and filing of a false tax return in violation of 26 U.S.C. § 7206(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.   Defendant agrees to cooperate with the Internal Revenue Service in the determination of defendant's tax liability for 2017 and 2018. Defendant agrees that:

a.   Defendant will file, prior to the time of sentencing, amended returns for the years subject to the above admissions, correctly reporting unreported income; will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns; pay any taxes due on a schedule to be determined by the Court and Probation

as a condition of supervised release; and will thereafter promptly pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational error(s). Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

b.   Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

c.   Defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

d.   Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements of tax liability for 2017 and 2018.

e.   Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

f.   Defendant will sign closing agreements with the Internal Revenue Service contemporaneously with the signing of this plea agreement, permitting the Internal Revenue Service to assess and collect the total sum of $393,704 for the defendant's tax years 2017 and 2018, respectively), which comprises the tax liabilities on the tax liabilities, as provided by law.

3

## THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

     a.   Not contest facts agreed to in this agreement.

     b.   Abide by all agreements regarding sentencing contained in this agreement.

     c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

     d.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 32 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSES

5.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, the following must be true: (1) defendant made up or knowingly participated in a scheme or plan for obtaining money or property by making false promises or statements; (2) defendant knew that the promises or statements were false; (3) the promises or statements were material, that is they would reasonably influence a person to part with money or property;

4

(4) defendant acted with the intent to defraud; and (5) the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.  Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the information.

6.   For defendant to be guilty of the crime charged in count two, that is, filing a false tax return, in violation of Title 26, United States Code, Section 7206(1), the following must be true: (1) defendant signed and filed a tax return for the years 2017 and 2018 that he knew contained false information as to a material matter; (2) the return contained a written declaration that it was being signed subject to the penalties of perjury; and (3) in filing the false tax return, the defendant acted willfully.  Defendant admits that defendant is, in fact, guilty of this offense as described in count two of the information.

<u>PENALTIES AND RESTITUTION</u>

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1341, is: 20 years of imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for violating Title 26, United States Code, Section 7206(1), is: 3 years' imprisonment; a one-year period of supervised release; a fine of $100,000; and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 23 years imprisonment; a 3-year period of supervised release; a fine of $350,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.  Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties currently believe that the applicable amount of restitution is approximately $22,800,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.  Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct;

and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

12. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

14. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported

7

from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

15.  Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

FACTUAL BASIS

16.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Count One – Mail Fraud

Beginning in or about September 2104 and continuing to on or about April 4, 2019, defendant engaged in a scheme to defraud investors through the Church of the Healthy Self ("CHS") and related entities.  CHS is a Texas non-profit corporation formed on September 11, 2014.  CHS Asset Management, Inc. ("CHS AM"), is a Texas for-profit corporation formed on September 20, 2017.  CHS and CHS AM were founded by defendant and they were operated by defendant out of a strip mall in Westminster, California.  Defendant also claimed to be the Pastor for CHS.  At the direction of defendant, representatives of CHS appeared on television and in live seminars at CHS offices in Westminster, California, soliciting investments in CHS Trust, the investment arm of CHS.  Recordings of these appearances were often uploaded to YouTube.  In these appearances, CHS representatives, at the direction of defendant, made the following claims: (1) that CHS Trust guaranteed an annual rate of return of 12%; (2) guaranteed return of principal with no risk because the investments were backed by the FDIC and SIPC (Securities Investor Protection Program); (3) that in the past five years the worst return CHS realized was a 1.5% profit for the month of January 2015; (5) that the traders used by CHS had not lost money in 15 years; and (6) that CHS was audited by KPMG.

At the time these statements were made, defendant knew the statements were false or misleading.  CHS did not produce a 12% annual return; despite millions of dollars deposited from CHS investors, little investor money went into any trading accounts in 2018; CHS AM was not formed until 2017, thus the statements regarding the investment performance over the past five years and fifteen years were misleading; and CHS was not audited by KPMG.

In reliance on the statements made by CHS representatives during television appearances, live seminars, and sales calls from CHS employees, victims sent more than $33 million to CHS from 2014 to 2019.  As part of the scheme, defendant directed that monthly statements of account be sent to victims that contained false reports of investment returns to lull victims into believing their money had been invested and was generating returns consistent with the claims made by CHS representatives.

In furtherance of the scheme, on March 2, 2019, defendant caused the mailing of a monthly statement from CHS Trust to victim V.D. that contained false entries showing a return on investment.

Count Two – Filing False Tax Return

Between at least 2017 and 2018, defendant knowingly and willfully caused false tax returns to be signed and filed that did not report income defendant had received from The Church for the Healthy Self.  Specifically, on or around November 15, 2019, defendant knowingly and willfully caused the signing and filing, under penalty of perjury, an IRS Form 1040 which reported that his total income for the tax year 2018 was $17,539, when in

fact, as defendant knew, his true income was substantially
higher.  Defendant's true income for tax year 2018 was $452,872,
which included $435,333 obtained as a result of his fraud,
resulting in a tax loss of $130,808.

SENTENCING FACTORS

17.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crimes of
conviction.

18.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

<u>Mail Fraud</u>

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Specific Offense Characteristics | | |
| Loss > $9.5 million | 20 | U.S.S.G. §2B1.1(b)(1)(K) |
| More than 10 victims | | U.S.S.G. § 2B1.1 (b)(2)(A) |
| | 2 | |
| Misrepresentation of Religious organization | 2 | U.S.S.G. § 2B1.1(b)(9) |
| Adjustments | | |

11

| | | |
|---|---|---|
| Leadership role | 4 | U.S.G. § 3B1.1(a) |

Filing False Tax Return

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2T4.1(G) |
| Specific Offense Characteristics | | |
| Criminal income > $10,000 | 2 | U.S.S.G. §2T1.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  At the time of sentencing, provided defendant does not violate the terms of the agreement, the government agrees to recommend that sentences imposed for mail fraud and filing a false tax return run concurrently.

19.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

21.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF VENUE</u>

22.   Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offenses to which defendant is pleading guilty, to the extent the offenses to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offenses to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offenses to which defendant is pleading guilty.

## WAIVER OF APPEAL OF CONVICTION

23.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 23 years, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $22,800,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

25.   The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $22,800,000.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

26.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

27.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

28.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

29. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under

the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

30.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

////

////

////

////

////

////

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_____          4/12/2020
GREGORY W. STAPLES                        _____
Assistant United States Attorney          Date

_____          03/18/2020
KENT R.E. WHITNEY                         _____
Defendant                                 Date

_____          8/20/2020
KENNETH P. WHITE                          _____
Attorney for Defendant Kent R.E.          Date
Whitney

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____                     03/18/2020
KENT R.E. WHITNEY                                    Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Kent Whitney's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

1   forth in this agreement is sufficient to support my client's entry of

2   guilty pleas pursuant to this agreement.

3

_____     _3/20/2020_____
4   KENNETH P. WHITE                 Date
    Attorney for Defendant Kent R.E.
5   Whitney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28